# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-11536
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 4, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HECTOR JESUS CHAVEZ-LUNA,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CR-159-1

Before KING, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Hector Jesus Chavez-Luna pleaded guilty of conspiracy to possess with intent to distribute a controlled substance, and he asserts in this appeal that the district court erred in determining his sentence. The pending motion for substitution of counsel is GRANTED.

The district court erred, Chavez-Luna contends: (1) in determining the quantity of drugs for which he was accountable at sentencing; (2) in increasing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his offense level by two levels pursuant to U.S.S.G. § 2D1.1(b)(2) because, during an escape attempt, Chavez-Luna entered a residence and threatened the homeowner with bodily harm; (3) in increasing the offense level by two levels pursuant to U.S.S.G. § 2D1.1(b)(12) for maintenance of a premises for the purpose of distributing a controlled substance; and (4) in applying a four-level role adjustment pursuant to U.S.S.G. § 3B1.1(a) because Chavez-Luna was an organizer-leader of a criminal activity involving five or more participants or that was otherwise extensive. We review these questions for clear error. *See United States v. Trujillo*, 502 F.3d 353, 356 (5th Cir. 2007). Because the unrebutted facts in the presentence report have an adequate and sufficiently reliable factual basis, they were properly relied upon by the district court in overruling Chavez-Luna's objections to the drug quantity and guidelines enhancements. *See United States v. Alaniz*, 726 F.3d 586, 618-19 (5th Cir. 2013).

For the first time on appeal, Chavez-Luna asserts that the threat enhancement was applied improperly because the threat was not in furtherance of a drug trafficking offense. Because the threat was part of the relevant conduct, Chavez-Luna cannot show that the district court plainly erred in applying the enhancement. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *see also United States v. Teague,* 772 F. App'x 149, 150 (5th Cir. 2019); *United States v. Torres*, 694 F. App'x 937, 939, 942 (5th Cir. 2017).[1]

AFFIRMED.

---

[1] Unpublished opinions issued on or after January 1, 1996, may be persuasive authority. *Ballard v. Burton,* 444 F.3d 391, 401 n.7 (5th Cir. 2006); 5TH CIR. R. 47.5.4.